*378 OPINION.
MaRquette :
The sole question presented for determination in this proceeding is whether the income for the period, January 1, to May 17,1920, inclusive, upon which the deficiency herein is based, belonged to the petitioner, or to the partnership of Hinz & Landt of Los Angeles. The petitioner contends that a partnership was formed by oral agreement on September 25, 1919, which took over all of the petitioner’s assets and business on January 1, 1920, and that all of the income accruing to the business after that date belonged to the partnership, although the partnership articles were not formally executed, or the formal transfer of the business made until May 17, 1920. The respondent urges that the business was not in fact transferred to the partnership until May 17, 1920, but belonged to the petitioner until that date, and that the income in question should be taxed to the petitioner.
It may be conceded without discussion that, as suggested by the petitioner, no particular form of contract is necessary to the creation of a valid partnership, and that the "Ontract may be oral or written. We may even concede for the purpose of this opinion that the several stockholders of the petitioner did at the informal meeting *379 of September 25, 1920, and shortly thereafter, enter into a valid partnership agreement, but the formation of the partnership was not of itself sufficient to vest it with title to the petitioner’s assets, and whether it acquired the petitioner’s business on January 1, 1920. or at a later date, is a question of fact to be determined from the evidence. While it may have been the intention of the persons who formed the partnership, and who were also directors of the corporation, to acquire and take over the assets of the corporation on January 1, 1920, we are of the opinion that the evidence is not sufficient to warrant us in holding that they did in fact acquire them at that time. The greater weight of the evidence is against that view. The evidence shows that during the period in question the business was conducted under the corporate name, all purchases were made in the name of the corporation and were paid for with its checks duly signed by its treasurer. The evidence further shows that as late as February 28,1920, the board of directors contemplated an increase of the corporation’s capital stock and actually called a stockholders meeting for that purpose. These facts are all inconsistent with the petitioner’s claim that the business was taken over and belonged to the partnership on and after January 1, 1920. The petitioner continued after that date and until May 17, 1920, to hold the title thereto and to hold itself out to the world as the actual owner, and all of the circumstances surrounding the conduct of the business support the conclusion that it was in fact the owner, and the respondent properly taxed to it the income involved herein, and we so hold.
The petitioner has cited several decisions of this Board as authority for its position. These cases, however, turned upon their own particular facts and circumstances, which are not present herein, and they do not support the petitioner’s conclusion.

Judgment wül be entered for the respondent.

Considered by Phillips, Milliken, and Van Fossan.